## MAGNA PRODUCTS CORPORATION v. BROAD AUTO SUPPLY CO.

### No. 6607.

Circuit Court of Appeals, Third Circuit.

June 14, 1938.

C. James Cottrell, of New York City, for appellant.

Armand E. Lackenbach, of New York City, for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

The suit below was for the infringement of patent No. 2,041,332, issued May 19, 1936, upon an application filed November 23, 1934, by Harry Golden. The patent is for a Flashlight Holding Device which is attachable to the steering post of an automobile.

The device of the patent consists of a pair of bowed arms made from flat spring metal attached to each other at one end thereof, their free ends being provided with cut-out portions, the metal adjacent the cut-out portions being curled to support pins upon which rollers are revolvably mounted. The other ends of the bowed arms are provided with means to attach them to a support such as the steering post of an automobile. The element "rollers revolvably mounted on said pins" is recited in the claims and in the proceedings in the patent office.

It appears by the court's finds of fact that while the defendant had, before the patent issued, sold a device embodying the patentee's device, yet the court found and held:

"After the issuance of the patent, Kastar Specialty Mfg. Co., Inc. changed its construction of the flashlight holder so as to fix the rollers, preventing them from revolving, as called for by the two claims of the patent.

"The claims of the patent in suit being limited to rollers revolvably mounted upon the pins, the second structure does not fall within the specific terms of the claims and therefore the claims are not infringed by such structure."

After argument and full consideration had, we are of opinion the court committed no error in holding the defendant's holder, which had no revolvable wheels, did not infringe. We further hold that while

the patented device was novel and useful, it did not involve invention. Accordingly, the decree of the court below is affirmed.